UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
ANTONIO CANETE,

           Plaintiff,                      **MEMORANDUM AND ORDER**

    -against-                            Case No. 13-CV-00168 (FB)(SMG)

SUN COAST RESOURCES, INC., and
DONNELL RAYSHON ANDERSON,

           Defendants.
------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                              *For the Defendant:*
WAYNE WILSON, ESQ.                  RICHARD BROWNELL
Law Office of James Giannakouros     Zaremba Brownell & Brown PLLC
120 Bay Ridge Avenue                    40 Wall Street, 28th Floor
Brooklyn, NY 11220                        New York, NY 10005

**BLOCK, Senior District Judge:**

      On November 15, 2012, plaintiff Antonio Canete ("Canete") was on his bike crossing 18th Avenue in Brooklyn, when a truck driven by defendant Donnell Anderson ("Anderson") and owned by defendant Sun Coast Resources, Inc., ("Sun Coast") hit him.[1] Canete's left ankle was injured and he now seeks damages.[2]

      A bench trial was held on May 13, 2014. At the trial, the Court heard testimony, viewed surveillance video of the incident, and accepted into evidence

---

[1] There is no dispute that Anderson was working at all times within the scope of his employment.

[2] Canete sought damages of "an unspecified amount" and type, and there was no testimony at trial on the subject. Pl.'s Verified Complaint, ¶ 6

medical reports and records, photographs, and still frames of the video. The parties relied on their Rule 26(a)(2) submissions in lieu of having their medical experts testify. The Court's findings of fact and conclusions of law follow.

Based on video surveillance, still frames, and the testimony of Walsh, the Court finds that both Canete and Anderson were equally at fault because each had a brief opportunity to see the other before they collided. As a result of the ankle injury, Canete underwent an operation which had no complications either during or after the surgery. He was discharged on November 20, 2012, five days after the incident. Canete then had to undergo physical therapy for seven months, but he no longer attends physical therapy and has returned to his part-time job delivering food on a bike. He is not currently taking any prescription medication.

The parties stipulated during the bench trial that Canete's lost wages during the seven-month period he could not work total $3,840.

"[A]lthough no precise rule can be formulated to measure pain and suffering . . . , an analysis of comparable injuries and the decisions those judges and juries rendered provides appropriate guidance." *Goldstein v. United States*, 9 F. Supp. 2d 175, 188 (E.D.N.Y. 1998); *see also Martell v. Boardwalk Enters., Inc.*, 748 F.2d 740, 750 (2d Cir. 1984) ("[P]rior awards may guide and enlighten the court[s] in the exercise of their discretion." (internal quotation marks omitted) (alteration in

original)).

The Court has surveyed nearly three dozen personal-injury cases involving plaintiffs suffering from ankle injuries. Damage awards in these cases range widely, from $20,000 to over $300,000. Complicating matters is that ankle injuries often occur in conjunction with injuries to other parts of the body, and damage awards are not broken out into discrete components. The majority of cases, however, place the value of plaintiff's pain and suffering between $75,000 and $250,000. Those on the higher end have involved additional injuries (e.g., a broken wrist or shoulder), or the plaintiff was unable to return to work because of injuries far more severe than Canete sustained.

No parties here have requested that the Court break its pain and suffering award into past and future components, and the Court considers it unnecessary to do so. The Court credits Canete's testimony that he continues to experience pain in his ankle, despite his ability to return to his bike delivery job. On the other hand, the record shows that his surgery was successful, that he suffered no complications, and that doctors do not anticipate that Canete will require continued treatment.

Based on the trial testimony, exhibits, reports of the medical experts, and the awards in comparable cases, the Court finds that Canete is entitled to $150,000 for his pain and suffering. Because the Court has found that Canete and Anderson were

3

equally culpable, the award is reduced to $75,000.  *See* N.Y. C.P.L.R. § 1411 (setting forth New York's pure comparative fault rule).  Similarly, the stipulated amount of lost wages is reduced to $1,920.  *Id.*

## CONCLUSION

For the foregoing reasons, the Court awards Canete $76,920.00, consisting of $1,920 in lost wages and $75,000 for pain and suffering.  The Clerk shall enter judgment accordingly.

**SO ORDERED.**

    /S/ Frederic Block        
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 15, 2014